OPINION
{¶ 1} Appellant Granville Village Council ("the Village Council") appeals the May 21, 2004 Memorandum of Decision entered by the Licking County Court of Common Pleas, which reversed the Village Council's decision denying appellee Speedway SuperAmerica LLC's ("Speedway") application requesting approval of a development plan, upon a finding the Village Council's denial was not supported by the preponderance of substantial, reliable and probative evidence on the whole record.
 STATEMENT OF THE CASE AND FACTS {¶ 2} On June 14, 2002, Speedway filed an application seeking approval of a commercial development plan relative to 2.08 acres of land located at the southwest corner of St. Rt. 16 and Cherry Valley Road in the Village of Granville, and owned by Speedway. In February, 1995, the Village Council passed Ordinance No. 47-94, which rezoned this 2.08 acre tract as well as all of the existing properties south of St. Rt. 16 to the Planned Commercial Development ("PCD") zoning classification. On October 16, 2002, the Village Council denied Speedway's application. Speedway filed an appeal to the Licking County Court of Common Pleas, which was assigned Case No. 02CV1238. A formal resolution denying Speedway's application was filed on November 6, 2002. Speedway filed a second appeal, which was assigned Case No. 02CV1239.
 {¶ 3} On December 6, 2002, the Village Council filed a motion to dismiss for lack of subject matter jurisdiction. The trial court conducted a hearing on April 15, 2003. Via Judgment Entry filed May 1, 2003, the trial court granted the Village Council's motion and dismissed the case, finding the Village Council's denial of Speedway's application was a legislative act; therefore, not subject to appeal under R.C. 2506. Speedway filed an appeal of that decision to this Court. This Court reversed the trial court's dismissal, finding the denial of a developmental plan to be an administrative act and subject to R.C. Chapter 2506. Speedway SuperAmerica, LLC v. Granville Village CouncilCouncil (Dec. 16, 2003), Licking App. Nos. 03CA39 03CA40, unreported.
 {¶ 4} Upon remand, the parties reached an agreed briefing schedule. Via Memorandum of Decision filed May 21, 2004, the trial court reversed the decision of the Village Council, finding its denial of Speedway's application was not supported by the preponderance of substantial, reliable and probative evidence on the whole record. The trial court reversed the decision of the Village Council and approved Speedway's development plan via Judgment Entry filed June 2, 2004.
 {¶ 5} It is from this judgment entry the Village Council appeals, raising the following assignments of error:
 {¶ 6} "I. The common pleas court erred in holding that the council of the village of granville could not deny approval of speedway's proposed pcd developmental plan because the plan created unresolved traffic safety issues.
 {¶ 7} "II. The common pleas court erred because it deprived the village council of granville of its constitutional authority to regulate traffic within the village and to control the creation of a new street within the village."
 Standard of Review {¶ 8} R.C. 2506.04, which sets forth the applicable standard of review for a court of common pleas, provides as follows:
 {¶ 9} "The court may find that the order, adjudication, or decision is unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable, and probative evidence on the whole record. Consistent with its findings, the court may affirm, reverse, vacate, or modify the order, adjudication, or decision, or remand the cause to the officer or body appealed from with instructions to enter an order, adjudication, or decision consistent with the findings or opinion of the court. The judgment of the court may be appealed by any party on questions of law as provided in the Rules of Appellate Procedure and, to the extent not in conflict with those rules, Chapter 2505. of the Revised Code."
 {¶ 10} In Henley v. Bd. of Zoning Appeals (2000),90 Ohio St.3d 142, 147, the Ohio Supreme Court stated: "[W]e have distinguished the standard of review to be applied by common pleas courts and courts of appeals in R.C. Chapter 2506 administrative appeals. The common pleas court considers the `whole record,' including any new or additional evidence admitted under R.C. 2506.03, and determines whether the administrative order is unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable, and probative evidence. (Citation omitted)."
 {¶ 11} This Court's standard of review in an R.C. 2506.04
appeal is "more limited in scope." Kisil v. Sandusky (1984),12 Ohio St.3d 30, 34. "This statute grants a more limited power to the court of appeals to review the judgment of the common pleas court only on `questions of law,' which does not include the same extensive power to weigh `the preponderance of substantial, reliable and probative evidence,' as is granted to the common pleas court. Within the ambit of `questions of law' for appellate court review would be abuse of discretion by the common pleas court." Id. at fn. 4. "It is incumbent on the trial court to examine the evidence. Such is not the charge of the appellate court. * * * The fact that the court of appeals * * * might have arrived at a different conclusion than the administrative agency is immaterial. Appellate courts must not substitute their judgment for those of an administrative agency or a trial court absent the approved criteria for doing so." Lorain City SchoolDist. Bd. of Edn. v. State Emp. Relations Bd. (1988),40 Ohio St.3d 257, 261.
 {¶ 12} It is based upon this standard that we review the Village Council's assignments of error.
 I, II {¶ 13} Because the Village Council's assignments of error are interrelated, we shall address them together. In its first assignment, the Village Council contends the trial court erred in finding the Village Council could not deny approval of Speedway's proposed PCD development plan based upon Speedway's failure to resolve traffic safety issues. In its second assignment, the Village Council submits the trial court deprived the Village Council of its constitutional authority to regulate traffic and to control the creation of a new street within the Village Council.
 {¶ 14} The trial court found the Village Council's denial of Speedway's application was based solely on traffic. The trial court acknowledged traffic must be a consideration, but adopted the rationale set forth in Pure Oil Division of Union Oil Co. ofCalifornia v. City of Brook Park (1971), 26 Ohio App.2d 1523, in which the Eighth District Court of Appeals explained, when a "subject property is located in an area burdened with heavy traffic, and * * * the property can be used commercially only, and the desired use is a permitted one, the problem of additional traffic hazards must be secondary to the right of a property owner to have the use of his property in a manner that is consistent with its location." Id. at 158. The Village Council maintains the trial court's reliance upon Pure Oil is misplaced, explaining Pure Oil involved zoning regulations while the instant action involves subdivision regulations. We find the concepts are sufficiently analogous, and the trial court's reliance upon Pure Oil and the rationale set forth therein is not erroneous. The evidence revealed the construction of Speedway's proposed convenient store/gasoline station would increase the traffic in the area by less than 2% each day. Furthermore, Speedway is on record as agreeing to make changes which would mitigate the additional traffic problems as recommended by the Village Council's expert.
 {¶ 15} As set forth supra, this Court's review of the trial court's decision is limited in scope. Upon review of the entire record, we find, as a matter of law, the trial court did not abuse its discretion in finding the Village Council's decision was not supported by the preponderance of reliable, probative and substantial evidence on the whole record.
 {¶ 16} The Village Council's first and second assignments of error are overruled.
 {¶ 17} The judgment of the Licking County Court of Common Pleas is affirmed.
Hoffman, P.J., Edwards, J. and Boggins, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Licking County Court of Common Pleas is affirmed. Costs assessed to appellant.